FRANCIS B. BREWER, RESPONDENT, *v.* THE UNION PACIFIC RAILROAD COMPANY, APPELLANT.

*Company chartered by congress — right of congress to alter the terms of the charter to the disadvantage of the company — 12 Statutes at Large, 489; 13 id., 356; 14 id., 292 — Receipts — are subject to explanation.*

Two acts of congress, passed in 1862 and 1864, constituting together the charter of the Union Pacific Railroad Company, contained a grant of public lands and other subsidies, and provided for the appointment of five directors by the president of the United States, and that, while absent from home attending to their duties as directors, they should be paid their actual traveling expenses and such reasonable compensation for their time actually employed as the board of

directors might determine. The latter act provided that congress might at any time alter, amend or repeal it. An act, passed in 1866, provided "that whenever in any grant of land or other subsidies made, or hereafter to be made, to railroads or other corporations, the United States has reserved the right, or shall reserve it, to appoint directors * * * of said company or companies, all the costs, charges and pay of said directors * * * shall be paid by the respective companies." It then provided that the directors, etc., should receive for their services ten dollars per day for each day actually and necessarily employed, and ten cents per mile for each and every mile actually and necessarily traveled in the discharge of the duties of their office.

*Held,* that the act of 1866 applied to the Union Pacific railroad.

That congress had power to pass the act of 1866, even though it altered, to the disadvantage of the company, the provisions for compensating the government directors contained in the original acts.

*Sinking Fund Cases* (99 U. S., 700) followed.

The plaintiff, who was a government director in the years 1874, 1875, 1876 and 1877, presented during these years bills to the company for his services and traveling expenses, charging for his services ten dollars a day, and for his traveling expenses at the rate of six dollars a day, and the railroad fares actually paid by him. These bills were allowed and the amounts thereof paid to the plaintiff, who gave receipts "in full" thereon.

In this action brought by him to recover the additional amount for traveling expenses, to which he was entitled under the act of 1866:

*Held,* that he was not barred by the receipts so given from maintaining it.

APPEAL from a judgment in favor of the plaintiff entered on the report of a referee.

*A. H. Holmes* and *John F. Dillon,* for the appellant.

*B. F. Watson,* for the respondent.

PER CURIAM :

On the decision of this case by him, the learned referee, William G. Choate, Esq., delivered the following opinion: "This is an action to recover the sum of $1,456.40, alleged to be due to the plaintiff from the defendant for his services and traveling expenses while acting as a government director of the defendant corporation in the years 1874, 1875, 1876 and 1877.

The act of congress of July 1, 1862 (chap. 120), entitled "An act to aid in the construction of a railroad and telegraph line from the Missouri river to the Pacific ocean, etc." (12 Stat. at Large, 489), and the act of July, 1864 (chap. 216), entitled "An act to amend an act entitled 'An act to aid in the construction, etc.' " (13 Stat. at

Large, 356), together constituted the charter of the Union Pacific Railroad Company, and are admitted to have been accepted by, and to be in all respects binding upon, the defendant. The first of these acts contained a grant of public lands and other subsidies to the railroad corporation created by it, and provided also for the appointment by the president of the United States of two directors to act in conjunction with other directors to be elected by the corporation.

The second of said acts increased the number of directors to be appointed by the president of the United States to five, and further provided that the government directors, while absent from home attending to their duties as directors, should be paid their actual traveling expenses and be allowed and paid such reasonable compensation for their time actually employed, as the board of directors may decide. (Sec. 13.) It also provided that " congress may at any time alter, amend or repeal this act."

By an act of congress passed July 27, 1866 (chap. 278), entitled "An act granting lands to aid in the construction of a railroad and telegraph line from the States of Missouri and Arkansas to the Pacific coast" (14 Stat. at Large, 292), it was provided in section 21, page 299, that " whenever in any grant of land or other subsidies, made or hereafter to be made, to railroads or other corporations, the United States has reserved the right, or shall reserve it, to appoint directors, engineers, commissioners or other agents to examine said roads, or act in conjunction with other officers of said company or companies, all the costs, charges and pay of said directors, engineers, commissioners or agents shall be paid by the respective companies. Said directors, engineers, commissioners or agents shall be paid for said services the sum of ten dollars per day for each and every day actually and necessarily employed, and ten cents per mile for each and every mile actually and necessarily traveled in discharging the duties required of them. which per diem and mileage shall be in full compensation for said services."

Section 21 of the act of 1866, was re-enacted in Revised Statutes, section 5259.

Under the act of 1864 the defendant paid the government directors ten dollars a day for their services, and audited and paid their bills for traveling expenses at the rate of six dollars a day and their railroad fares actually paid. Settlements were made on this basis

in 1874, 1875, 1876 and 1877, with the plaintiff, who made out his bills and had them audited and paid by the defendant, and who gave receipts thereon " in full." The amount of his mileage, at the rate of ten cents a mile, as provided for in the act of 1866, exceeds by the amount claimed in this suit the amount so paid to the plaintiff in those years as his bills were settled, and the question is whether he is entitled to this difference.

The first point raised by the defendant is that the twenty-first section of the act of 1866 does not apply to the Union Pacific Railroad Company, but to certain other companies to which congress had theretofore granted land and subsidies. But it is evident that the language of that section, even if applicable to some other companies, applies with certainly equal, if not greater propriety and force to the Union Pacific Railroad Company. Indeed no other corporation is pointed out as to which the government had before the passage of the law reserved the right to appoint directors to act in conjunction with the other directors of the company. I think it admits of no doubt whatever that the Union Pacific Railroad Company was one of the corporations to which section 21 of the act of 1866 was intended to apply.

It is then objected that congress had no constitutional authority to make this provision applicable to the Union Pacific Railroad Company, because the acts of 1862 and 1864 constituted a contract between the United States and the corporation under which it was agreed that the company should pay only the actual and necessary traveling expenses, together with a per diem compensation to be fixed by the company; that the right to alter and amend the act does not include the right to alter and amend it as provided in the twenty-first section of the act of 1866, or to increase or vary to the prejudice of the company the burden in the acts of 1862 and 1864, assumed by the company with relation to the pay of the government directors. The question of the power of congress to legislate by way of alteration or amendment of the charter of this company, was considered at great length by the Supreme Court of the United States in the *Sinking Fund Cases* (99 U. S., 700). I think the exercise of legislative power now in question is fairly within the limits of the reserved power of amendment as declared and applied in that case. The changes made are the substitution of a per diem

of ten dollars in lieu of a reasonable sum to be fixed by the corporation itself for the service of the directors, and ten cents a mile for the distance actually traveled in lieu of actual traveling expenses, which included the cost of transportation and of living while on duty.  This is within the authority of that case " a reasonable regulation of the administration of the affairs of the corporation and promotive of the interests of the public and the corporators."   It is, therefore, under the authority of that case within the legislative power of congress.  It cannot be said that the compensation and mileage, as established by the latter act, are not reasonable in amount, or that the legislation is not designed to promote the better administration of the affairs of the corporation.  The original arrangement was certainly open to the criticism that the government directors were to some extent dependent upon the favor of the corporation for the determination of the amount of their compensation and the auditing of their accounts for traveling expenses.

The act of 1866 makes them more independent of the corporation, and, therefore, more free and unbiased in the exercise of their functions as government directors.  Any discussion of the power of congress to pass the act is, in view of the decision above referred to, unnecessary, however open to question before that decision this exercise of the power to legislate or to amend the charter may have been.

The plaintiff is not barred of this action by having receipted "in full" for his traveling expenses in the vouchers signed by him.  Such receipts can always be explained, and they have been shown in this case to have been given under a misapprehension of his rights.  They were not releases, nor given in settlement or compromise of any controverted claims, and the payment of a part of the amount clearly due does not discharge the obligation to pay the residue.  The plaintiff is entitled to judgment, with costs."

This decision covers and, as we think, after careful examination of the case and full consideration of the points presented by the learned counsel for the appellant, correctly disposes of all the questions presented in this case.  The referee presents succinctly and clearly the reasons for his decision, and as our examination constrains us to admit their correctness, we deem it quite unnecessary to go over the ground again.  We therefore adopt his opinion as

our own, and dispose of the case by simply announcing that in our judgment congress possessed the power to enact the provisions of the act of July 27, 1876, which fixed and limited the compensation to be paid to the government directors for services and expenses in discharging the duties required of them; that there was no contract contained in the original acts called the charter of the railroad company which was violated by such an enactment; that if there was any such contract, the reservation of the power to alter, amend or repeal the act, fully authorized the change made by the act of 1876; that the latter act was intended to, and by its terms does apply to the government directors of the Union Pacific Railroad Company; and that the form in which the accounts which have been paid were presented by the plaintiff for his compensation, and the receipts given by him were not such as can operate to preclude the recovery in this case. The sum of indebtedness was fixed by statute, and the payments made were only a portion of that sum, and the receipts given only operate to extinguish such indebtedness *pro tanto.* The plaintiff was entitled to the balance remaining unpaid, and to interest thereon from the time he properly presented his claim for such balance and demanded its payment. This is what the learned referee has allowed him.

The result is that the judgment must be affirmed.

Present — Davis, P. J., Brady and Daniels, JJ.

Judgment affirmed.